IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC G. PERKINS,

                     Petitioner,

    v.

WARDEN FUCHS,

                     Respondent.

OPINION and ORDER

24-cv-301-wmc

---

Petitioner Eric G. Perkins, who is incarcerated at Columbia Correctional Institution and representing himself, has filed a writ of habeas corpus under 28 U.S.C. § 2254 to overturn a criminal judgment entered against him in 2013 in Wisconsin state court. (Dkt. #1.) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must dismiss the petition if it plainly appears from the pleadings and any attached exhibits that the petitioner is not entitled to relief. After conducting a preliminary review as required by Rule 4, the court concludes that Perkins' petition must be dismissed because it is untimely for the reasons explained below.

BACKGROUND[1]

Perkins is currently incarcerated as the result of a conviction entered against him on October 21, 2013, in Milwaukee County Circuit Court, Case No. 2012CR005119. Perkins and three other men (Sam Evans, Lavonte Smith, and Freddie Reynolds, Jr.) were all charged

---

[1] The following facts are taken from the petition, the attached exhibits, petitioner's memorandum of law, the state court of appeals' decision affirming the underlying conviction, and publicly available state court records. *See* Wisconsin Court System Case Search, https://wcca.wicourts.gov (last accessed July 16, 2024).

with crimes related to the 2012 shooting death of Thomas Martin, as well as an injury sustained by another victim as a result of the shooting who was identified as "D.G." Perkins pleaded guilty to charges of second-degree reckless homicide and second-degree recklessly endangering safety as a party to the crime, for which he received a sentence totaling 31 years.

Perkins next filed a motion for post-conviction relief in state circuit court and an appeal from that court's judgment, arguing that he should have been allowed to withdraw his guilty plea after being sentenced based on inaccurate information about his criminal record. The Wisconsin Court of Appeals rejected his arguments and affirmed the conviction on January 13, 2015. *See State v. Perkins*, 2015 WI App 20, 360 Wis. 2d 491, 864 N.W.2d 121 (per curiam). The Wisconsin Supreme Court also summarily denied his petition for review on June 12, 2015. *State v. Perkins*, No. 2014AP838-CR, 2015 WI 78.

On November 16, 2020, Perkins then filed another motion for post-conviction relief in the circuit court, seeking to withdraw his guilty plea, but this time based on newly discovered evidence. In that motion, Perkins presented a sworn statement from Freddie Reynolds, Jr., who confessed that he was the only person who fired the shots that killed Thomas Martin and injured D.G., not Perkins. The circuit court summarily denied the motion and the Wisconsin Court of Appeals affirmed that decision on Dec. 13, 2022, finding that Reynolds' so-called confession did not change the propriety of Perkins' convictions as a party to the crimes charged. *See State v. Perkins*, No. 2020AP2097, 2022 WL 17588249. The Wisconsin Supreme Court denied Perkins' petition for review on May 24, 2023. *See State v. Perkins*, No. 2020AP2097, 2023 WI 75.

In his federal habeas corpus petition dated May 7, 2024, Perkins again seeks relief from his 2013 conviction on the following grounds: (1) he was denied effective assistance of counsel

2

when his defense attorney failed to inform him of how "read-in" counts would affect his sentence; and (2) his defense attorney failed to argue "actual innocence" or investigate potential witnesses regarding a "third party perpetrator" (Reynolds), who actually did the shooting.[2] In support of his claim that trial counsel was ineffective for failing to investigate and argue actual innocence, Perkins presents the so-called "inculpatory" statement from Reynolds, which is dated July 1, 2020. (Dkt. #1-3). Perkins also presents a sworn statement from another inmate named Hatim Lowe.[3] (Dkt. #1-4, at 2.) According to Lowe, Reynolds also admitted to him that he shot Martin, who was in a crowd of people with whom he'd just had an altercation, and that he also shot another person who wasn't from the area. (Dkt. #1-4, at 1.)

OPINION

A prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254 must comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). For challenges to a state court judgment of conviction, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Wisconsin Court of Appeals affirmed Perkins' conviction and the Wisconsin Supreme Court denied his petition for

---

[2] There were two "read-in" counts against Perkins for attempting to disarm a peace officer and for resisting or obstructing an officer, both stemming from his arrest. Those counts, which were lodged against Perkins in Milwaukee County Case No. 2013CF000349, were dismissed as the result of his plea agreement in Case No.2012CR005119.

[3] The statement from Lowe is dated the "11th day of November" but the year is not clearly printed. (Dkt. #1-4, at 2.)

3

review on June 12, 2015. Because Perkins did not petition for a writ of certiorari in the United States Supreme Court, his conviction became "final" for purposes of federal habeas review when the time for filing a certiorari petition expired 90 days later, on September 10, 2015. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). Thus, the one-year statute of limitations began running the next day and expired one year later, on September 11, 2016. Perkins did not seek federal habeas corpus relief until he executed his pending petition on May 7, 2024. (Dkt. #1, at 8.) Having been filed nearly eight years too late, the petition is plainly untimely under § 2244(d)(1)(A).

In fairness, statutory tolling of the limitations period may be available under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward the federal habeas limitations period. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (observing that only a "properly filed postconviction action" will toll the limitations period under § 2244(d)(2)). In this case, Perkins appears to have raised his pending claims in his second motion for post-conviction relief filed with the state circuit court on November 16, 2020, which was ultimately rejected when the Wisconsin Supreme Court summarily denied his petition for review on May 24, 2023. *See State v. Perkins*, No. 2020AP2097, 2023 WI 75. However, this second motion did not toll the limitations period because Perkins filed it after the limitations period had already expired some four years earlier. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").

As for Perkins' claims to have newly discovered evidence that proves his trial counsel was ineffective (by failing to investigate or argue his actual innocence), the limitations period

4

for a claim based on newly discovered evidence begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Because his claim depends on facts that could have reasonably been discovered when Perkins pleaded guilty back in 2013, Perkins does not establish that § 2244(d)(1)(D) applies or renders his petition timely. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (explaining that the time limitation for federal habeas review begins when petitioner knows, or through due diligence could discover, the important facts).

Acknowledging that his pending petition is likely untimely, Perkins also requests equitable tolling. (Dkt. #2, at 13.) However, equitable tolling is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling *only* if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted and emphasis added). Perkins has neither presented a chronology showing that he pursued his claims with due diligence, nor demonstrated that circumstances prevented him from raising his claims in a timely manner. Instead, Perkins argues that he should be allowed to pursue his claims because actual innocence can be raised even after the one-year limitations period expires. (Dkt. #2, at 13.)

Certainly, a claim of actual innocence, if proven, can overcome a procedural default such as the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Unfortunately for petitioner, however, "[a]ctual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "A claim of

5

actual innocence must be both credible and founded on new evidence." *Arnold v. Dittmann*, 901 F.3d 830, 836 (7th Cir. 2018). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Further, to succeed, a petitioner would have to persuade the court "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). To say the least, this is a demanding standard, which permits review only in extraordinary cases. *House v. Bell*, 547 U.S. 518, 538 (2006); *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). While the standard applies even in a case such as this one in which the petitioner was convicted pursuant to a guilty plea, *see Bousley*, 523 U.S. at 623 (applying the "actual innocence" standard to a case involving a guilty plea); *Guttu v. Buesgen*, No. 21-cv-600-wmc, 2022 WL 2966394, at *3 (W.D. Wis. July 27, 2022) (same), Perkins simply cannot meet this rigorous standard.

Rather, in support of his claim of actual innocence, Perkins merely points to the statements from Reynolds and Lowe to prove that he was not the individual who did the shooting when Martin was killed and D.G. was wounded. (Dkt. #1-3, at 1; Dkt. #1-4, at 1-2.) While these statements may demonstrate that Reynolds was the shooter, they do *not* establish Perkins' actual innocence. Indeed, as the Wisconsin Court of Appeals recognized, Perkins was charged as a party to the crimes of second-degree reckless homicide and second-degree recklessly endangering the safety of another.[4] According to state court records, both

---

[4] *See* Wis. Stat. § 939.05(1) ("Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been

6

offenses stemmed from an altercation in which Reynolds and Perkins were also involved. *Perkins*, 2015 WI App 20, ¶ 6.  Moreover, after the altercation occurred, it appears undisputed that Perkins and the other men who were charged in connection with the incident returned to the scene of the dispute and one of them shot a high-powered rifle in the direction of a store, killing one innocent bystander (Martin) and wounding another (D.G.).  *Id.*

Charging a person as a party to a crime is a way of establishing criminal liability separate from proving the elements of the offense to which the defendant is charged as a party.  *State v. Horenberger*, 119 Wis. 2d 237, 243, 349 N.W.2d 692 (1984).  In this case, the prosecution only needed to prove that Perkins committed the offense as a party to the crime, and it could do so without establishing the identity of the principal shooter.  *State v. Zelenka*, 130 Wis.2d 34, 47, 387 N.W.2d 55 (1986).  Because Perkins was convicted as a party, Reynolds's identity as the actual shooter is irrelevant, which is precisely what the Wisconsin Court of Appeals held when it rejected Perkins' claim of actual innocence based on Reynolds' later inculpatory statements.  *State v. Perkins*, No. 2020AP2097, 2022 WL 17588249, at * 1-2.

Thus, Perkins has not established and cannot establish that he is actually innocent, nor that he is entitled to equitable tolling that would excuse his failure to file his federal habeas corpus petition in a timely manner to challenge his 2013 conviction.  Having found that Perkins has had an opportunity to address the statute of limitations, and the available state court records do not disclose any other basis for tolling, the court must dismiss the petition as untimely.

---

convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.").

ORDER

IT IS ORDERED that:

1. The petition filed by Eric G. Perkins (dkt. 1) is DISMISSED as untimely.

2. A certificate of appealability is DENIED.

Entered on this 18th day of September, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge